# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                        )

v.               )      I.D. No. 0405006248
                        )

TYRONE NORWOOD,     )
                        )

Defendant.      )

Submitted: April 26, 2017
Decided:  May 1, 2017

Upon Defendant's Motion for Evidentiary Hearing
(Treated as a Motion for Postconviction Relief)

**SUMMARILY DISMISSED.**

## ORDER

Tyrone Norwood, *pro se*, Smyrna, DE.

James V. Apostolico, Esquire, Maria Knoll, Esquire, Deputy Attorneys General, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorneys for the State.

WHARTON, J.

This 1st day of May, 2017, upon consideration of Defendant's Motion for Evidentiary Hearing and the record in this matter, it appears to the Court that:

1.      Defendant Tyrone Norwood ("Norwood") was indicted by the Grand Jury on the charges of Murder First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP"), and Theft (Felony).[1]  On September 8, 2005, Norwood pled guilty to Murder Second Degree, PFDCF, and PDWBPP.[2]  He was sentenced to a total of 49 years of incarceration suspended after 37 years, followed by decreasing levels of supervision.[3]

2.      Norwood has sought relief from the Delaware Supreme Court three times, each time unsuccessfully.  In his first attempt, he raised 5 issues related to his sentencing.[4]   He next unsuccessfully appealed the denial of his third motion for modification of sentence.[5]  Norwood then submitted his first postconviction relief motion ("PCR".)[6]  That motion claimed that his guilty plea was invalid because of prosecutorial misconduct and ineffective assistance of counsel.[7]  He claimed his counsel were ineffective because they failed to advise him of exculpatory evidence

---

[1] D.I. 2.
[2] D.I. 21.
[3] D.I. 26.
[4] *Norwood v. State,* 2006 WL 2190585 (Del. Aug 1, 2006).
[5] *Norwood v. State,* 2012 WL 537605 (Del. Feb. 17, 2012).
[6] D.I. 51
[7] D.I. 64.

and to conduct an adequate investigation.[8] Norwood's appeal of the denial of his PCR motion was unsuccessful as well.[9]

3. Norwood filed this motion, which he styles as a Motion for Evidentiary Hearing ("Motion"), on April 26, 2017.[10] In it he alleges that the trial court conducted an inadequate plea colloquy and that his attorneys misled him about the consequences of his plea.[11] The relief he seeks is withdrawal of his guilty plea, or in the alternative, an evidentiary hearing to ascertain whether he knowingly and voluntarily entered his plea.[12] Because requests to withdraw a plea of guilty after sentencing must be made by motion under Superior Court Rule 61, the Court treats this motion as a PCR motion, Norwood's second such motion.[13]

4. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[14] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[15]

5. Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, procedural defaults, and former adjudications. A motion exceeds time limitations

---

[8] *Id.*
[9] *Norwood v. State,* 2013 WL 5614266 (Del. Oct. 13, 2013).
[10] D. I. 77.
[11] *Id.*
[12] *Id.*
[13] Super. Ct. Crim. R. 32(d).
[14] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[15] *Id.*

if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[16] A second or subsequent motion is considered successive and therefore barred and subject to summary dismissal unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction … invalid."[17] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[18] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[19]

6.    Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[20]

7.    In applying the procedural bars of Rule 61(i), it appears that the motion is untimely, successive, and subject to procedural default since it asserts grounds

---

[16] Super. Ct. Crim. R. 61(i)(1).
[17] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[18] Super. Ct. Crim. R. 61(i)(3).
[19] Super. Ct. Crim. R. 61(i)(4).
[20] Super. Ct. Crim. R. 61(d)(5).

4

for relief that were not raised in Norwood's previous appeals or PCR motion. In order to overcome these procedural bars Norwood must satisfy the pleading requirements of Rule 61(2)(i) or (2)(ii)[21] by pleading "with particularity that new evidence exists that creates a strong inference that the movant is actually innocent"[22] or by pleading "with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction ...invalid."[23] Norwood has not made that effort. Further, because Norwood was not convicted at trial, but, rather, entered a guilty plea, Rule 61(d)(2) requires that this successive motion be summarily dismissed.

8.    Moreover, to the extent Norwood claims that the plea colloquy was inadequate to ascertain the knowing, voluntary and intelligent nature of his guilty plea, that claim is belied by the Truth-In-Sentencing Guilty Plea Form executed by Norwood. The Court has examined the form for the note that Norwood claims undermines the integrity of the form and finds only his initials and those of his attorneys adjacent to appropriate answers to some of the questions on the form plus a note concerning earning early release credits on non-mandatory sentences.[24] Neither of those annotations support Norwood's claim.

---

[21] Super Ct. Crim. R. 61(i)(5).
[22] Super. Ct. Crim. R. 61(d)(2)(i).
[23] Super. Ct. Crim. R. 61(d)(2)(ii).
[24] D.I. 21; D.I. 77 at Ex. C.

Therefore, since it plainly appears from Norwood's Motion for Evidentiary Hearing, treated as a Motion for Postconviction Relief and the record in this case that Norwood is not entitled to relief, the Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

oc:   Prothonotary
cc:   Investigative Services

6